**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DAVID EUGENE LITTLESUN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>DAVID PARKER, Warden, )<br>)<br>Respondent. ) | Case No. 06-CV-699-TCK-FHM |

### OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and is represented by counsel. Respondent filed a response (Dkt. # 12) to the petition and provided the state court record (Dkt. #s 12, 13, 14) for the Court's use in resolving the claims raised in the petition. Petitioner did not file a reply to the response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus should be denied.

### *BACKGROUND*

During the early morning hours of April 13, 2003, Petitioner's wife, Andrea Littlesun, went to the house of her neighbor, Bennie Melton, seeking help. She was bruised and bleeding. Bennie Melton called police. The police interviewed and photographed Mrs. Littlesun. They also recovered evidence from the Littlesun home, including a serrated knife. Based on the incident giving rise to her injuries, Andrea Littlesun signed a petition for an emergency protective order against her husband which was granted.

As a result of those events, Petitioner David Eugene Littlesun was charged in Washington County District Court, Case No. CF-2003-154, with two counts of Domestic Abuse, in violation of Okla. Stat. tit. 21, § 644(c) (Counts 1 and 2), and one count of Assault and Battery With a

Dangerous Weapon, in violation of Okla. Stat. tit. 21, § 645 (Count 3), all After Former Conviction of Two or More Felonies. A preliminary hearing began on May 27, 2003. However, Andrea Littlesun could not be located. As a result, a material witness warrant issued and she was arrested on June 9, 2003. On June 10, 2003, the preliminary hearing was continued. At the preliminary hearing, the trial court heard testimony from the police officers and Bennie Melton. Andrea Littlesun also testified and recanted her accusations against Petitioner, claiming that she had not told police the truth on the morning of April 13, 2003. She testified that Petitioner had not assaulted on April 13, 2003, and that she had simply made up the allegations to get even with him. Despite the victim's recantation, however, Petitioner was bound over for trial on all three felony counts. Thereafter, Petitioner waived his right to a jury trial. At the conclusion of a non-jury trial, Petitioner was convicted of Domestic Abuse/Assault and Battery (Count 1), and Assault and Battery With a Dangerous Weapon (Count 3), both After Former Conviction of Two or More Felonies. The trial court judge sustained a defense motion to dismiss Count 2, Domestic Abuse. The trial court sentenced Petitioner to ten (10) years imprisonment as to Count 1 and twenty (20) years imprisonment as to Count 3, to be served consecutively. He was also fined $500 per count. During trial proceedings, Petitioner was represented by attorney Kristi Sanders.

Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals ("OCCA"). On direct appeal, Petitioner, represented by attorney Steven M. Presson, raised the following three (3) propositions of error:

    A:    As a matter of law and a matter of public policy, insufficient evidence existed to support the charges against Mr. Littlesun; pursuant to <u>Jackson v. Virginia</u>, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and <u>Spuehler v. State</u>, 709 P.2d 202 (1985), the convictions must be vacated.

> B: Mr. Littlesun's convictions must be reversed because they were unconstitutionally based on Mr. Littlesun's federal constitutional Fifth Amendment right against self-incrimination: the trial court's verdict was tainted with the observation that Mr. Littlesun refused to make a statement to police about the incident.
>
> C: The sentences imposed for the conduct involved, if the conduct happened, shock the conscience and should be modified.

(Dkt. # 12, Ex. 1). On January 27, 2006, in Case No. F-2005-53, the OCCA rejected Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 12, Ex. 3. Petitioner did not file a petition for writ of *certiorari* at the United States Supreme Court nor did he seek post-conviction relief in the state courts.

On December 29, 2006, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 2). Petitioner identifies two (2) grounds for relief, as follows:

> Ground 1: Insufficient evidence existed to support the charges against Mr. Littlesun; pursuant to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the convictions must be vacated.
>
> Ground 2: Mr. Littlesun's convictions must be reversed because they were unconstitutionally based on Mr. Littlesun's federal constitutional Fifth Amendment right against self-incrimination: the trial court's verdict was based in part on the fact that Mr. Littlesun refused to make a statement to police about the incident.

(Dkt. # 2). Respondent filed a response (Dkt. # 12) to the petition and asserts that under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas corpus relief.

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455

U.S. 509, 510 (1982). Respondent concedes, see Dkt. # 12, and the Court agrees that Petitioner's claims raised in the petition were presented to the OCCA on direct appeal and are exhausted.

The Court also finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA**

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Bell v. Cone, 535 U.S. 685, 694 (2002); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated Petitioner's claims on direct appeal. Therefore, the claims shall be reviewed pursuant to 28 U.S.C. § 2254(d).

*1. Insufficient evidence (ground 1)*

As his first proposition of error, Petitioner argues that the State presented insufficient evidence to support his convictions. The OCCA rejected this claim on direct appeal, finding as follows:

> . . . we have reviewed the evidence in the light most favorable to the State and found any rational trier of fact could have found beyond a reasonable doubt that Appellant physically assaulted his wife on April 13, 2003. *See Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559. The credibility of witnesses and the weight and value to be given their testimony is within the province of the trier of fact, and the trier of fact may believe one witness while discrediting several other witnesses. *McDonald v.*

> *State*, 1984 OK CR 31, ¶ 5, 674 P.2d 1154, 1155; *Renfro v. State*, 1980 OK CR 6, ¶ 8, 607 P.2d 703, 706. Despite conflicts in the evidence, including the victim's recantation of her original allegations against Appellant, there was sufficient evidence to support the trial court's finding of guilt. *See Johnson v. State*, 2004 OK CR 23, ¶ 10, 93 P.3d 41, 45. This case is distinguishable from *United States v. Bahe*, 40 F.Supp.2d 1302 (D. N.M. 1998) relied upon by appellant. Here, the victim's out-of-court statements were not the only substantive evidence of guilt and there was sufficient evidence, apart from the victim's recanted statements, to support the convictions.

(Dkt. # 12, Ex. 3).

As stated above, a writ of habeas corpus will not be issued on a state claim adjudicated on the merits unless the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004). Under either standard, Petitioner's claim in this case fails.

In examining Petitioner's sufficiency of the evidence claim, the appropriate inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299,

1312 (10th Cir. 1998). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986)). Under the AEDPA, the Court must decide whether the OCCA's decision that there was sufficient evidence to support a finding of guilt was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

This Court looks to Oklahoma law for the substantive elements of Domestic Abuse/Assault and Battery and Assault and Battery With a Dangerous Weapon applicable to the sufficiency of the evidence standard. See, e.g., Spears, 343 F.3d at 1238; see also Jackson, 443 U.S. at 324 n.16. As applicable to the facts of this case, Oklahoma law provided the elements of Domestic Abuse/Assault and Battery, as follows: first, willful; second, unlawful; third, attempting or offering to use force or violence; fourth, the use of force or violence; fifth, against the person of a current spouse. OUJI-CR 2d, § 4-26A; Okla. Stat. tit. 21, § 644(C). The elements of Assault and Battery With a Dangerous Weapon are: first, an assault and battery; second, upon another person; third, with a dangerous weapon; fourth, without justifiable or excusable cause; fifth, with intent to do bodily harm. OUJI-CR 2d 4-12; Okla. Stat. tit. 21, § 645.

In this case, Petitioner argues that the victim, his wife Andrea Littlesun, recanted the allegations against him and that without those allegations, there was insufficient evidence demonstrating that a crime occurred. Significantly, in finding Petitioner guilty, the trial judge stated that "it is up to the court to assess the credibility of the witnesses . . . It is this judge's opinion that Mrs. Littlesun perjured herself today." See Tr. Trans. at 90. That finding of fact is entitled to a presumption of correctness. See 28 U.S.C. §2254(e)(1). Petitioner has failed to rebut the presumption of correctness with clear and convincing evidence. Furthermore, upon consideration of the collective inferences to be drawn from the evidence as a whole, the evidence does not give rise to a reasonable doubt as to Petitioner's guilt. The trial court, as the trier of fact, heard testimony from the police officers who responded to the call of a domestic abuse incident. In addition, the trial court judge reviewed the preliminary hearing testimony of Bennie Melton, after determining that Ms. Melton was unavailable for trial. Ms. Melton, the neighbor who helped Andrea Littlesun shortly after the incident, testified that Mrs. Littlesun was scared and had multiple bruises and abrasions. The trial court judge also reviewed photographs taken of the victim and her injuries and viewed the knife allegedly held to the victim's throat by Petitioner.

Based on that evidence, the trial court judge found Petitioner guilty of the crimes charged in Counts 1 and 3, After Former Conviction of Two or More Felonies. This Court finds that after viewing the evidence as a whole, the trial court judge could have reasonably discounted the recantation by the victim. Therefore, the Court concludes that the evidence, when viewed in a light most favorable to the State, was sufficient to allow the trial court as a rational trier of fact to have found the essential elements of the crimes for which Petitioner was convicted beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary

to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether sufficiency of the evidence on habeas review presents a question of law or fact). The Court finds habeas corpus relief shall be denied on this claim.

### *2. Violation of Fifth Amendment right against self-incrimination (ground 2)*

As his second ground of error, Petitioner alleges that the his convictions must be reversed because they were obtained in violation of his Fifth Amendment right against self-incrimination. Specifically, he complains that during his bench trial, the prosecutor improperly elicited a comment violative of his right to remain silent. The record reflects that during the prosecutor's direct examination of Officer Thomas, the Bartlesville police officer who arrested Petitioner, the following exchange took place:

> Q:   And at the police department did you or anyone else to your knowledge question him about the incident?
>
> A:   I believe I offered him [sic] to see if he wanted to give a statement but he refused.

(Dkt. # 14, Tr. Trans. at 26). Defense counsel lodged no objection to the line of questioning. Id. On direct appeal, the OCCA found as follows:

> . . . any error which occurred as a result of the trial court's consideration of Appellant's post-arrest silence was harmless as Appellant has failed to show any resulting prejudice. *See Smallwood v. State*, 1995 OK CR 60, ¶ 36, 907 P.2d 217, 228-229; *Harrall v. State*, 1984 OK CR 20, ¶ 6, 674 P.2d 581, 583. The trial judge was certainly aware of Appellant's right to remain silent and the weight to be accorded that evidence. Testimony from the victim's neighbor and the investigating officer provided sufficient other evidence, apart from Appellant's silence, to support the convictions. Appellant's failure to show prejudice also defeats his claim of ineffective assistance of counsel for failing to raise an objection to the testimony. *See Bland v. State*, 2000 OK CR 11, ¶ 112, 4 Pl3d 702, 730-731 citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).


(Dkt. # 12, Ex. 3).

In <u>Doyle v. Ohio</u>, 426 U.S. 610 (1976),the Supreme Court held a prosecutor deprives a criminal defendant of due process by making improper comments about the defendant's post-<u>Miranda</u>[1] silence. <u>Doyle</u>, 426 U.S. at 611, 619.  Tenth Circuit precedent provides that "[t]he state may not use a defendant's exercise of his right to remain silent to obtain his conviction." <u>Hamilton v. Mullin</u>, 436 F.3d 1181, 1187 (10th Cir. 2006) (quoting <u>Jones v. Stotts</u>, 59 F.3d 143, 146 (10th Cir. 1995)). "[T]he question is 'whether the language used [by the prosecutor] was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the defendant's right to remain silent.'" <u>Battenfield v. Gibson</u>, 236 F.3d 1215, 1225 (10th Cir. 2001) (quoting <u>Pickens v. Gibson</u>, 206 F.3d 988, 998 (10th Cir. 2000)). Any error in permitting the prosecutor to comment upon the defendant's right to silence is subject to a harmless error analysis. <u>See</u> <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 628-29 (1993). In applying the standard, the court must consider whether the error had a "'substantial and injurious effect or influence'" on the outcome. <u>Id.</u> at 637 (quoting <u>Kotteakos v. United States</u>, 328 U.S. 750, 776 (1946)). To make such a showing, the habeas petitioner must establish that the error "resulted in actual prejudice." <u>Id.</u> "Although the standard set forth in <u>Brecht</u> arose in the context of a jury trial, the standard is equally applicable in a case tried to the bench." <u>Abraham v. Kansas</u>, 211 F.Supp.2d 1308, 1322 (D. Kan. 2002) (citing <u>Beets v. Iowa Dep't of Corr. Servs.</u>, 164 F.3d 1131, 1136 (8th Cir. 1999) (applying harmless error analysis on habeas review of bench trial)).

In this case, when viewed in context, the question does not suggest that the prosecutor intended to infer Petitioner's guilt from his post-arrest silence during the examination of Officer

---

[1] <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

Thomas. The question did not generate a response that was a direct or unequivocal comment as to Petitioner's invocation of his right to remain silent. Furthermore, Petitioner in this case waived his right to a jury trial and proceeded with a bench trial. Under both Oklahoma and federal law, it is presumed that when a trial court operates as the trier of fact, only competent and admissible evidence is considered in reaching a decision. See United States v. Norman T., 129 F.3d 1099, 1107 (10th Cir. 1997); Magnan v. State, 207 P.3d 397, 412 (Okla. Crim. App. 2009) (citations omitted).

The Court recognizes that the trial court judge stated that she based her finding of guilt in part on "the condition of Mr. Littlesun as testified to by Officer Thomas who, according to my notes, testified at our previous setting that Mr. Littlesun refused to give a statement that night when he encountered him at the convenience store." See Dkt. # 14, Tr. Trans. at 90-91. To the extent that statement could be read to indicate that the trial court judge relied on Petitioner's post-arrest silence as evidence of guilt, the Court agrees with the OCCA's conclusion that the trial court's error was harmless. The trial court judge identified other bases for her ruling including Mrs. Littlesun's lack of credibility, the combined circumstantial and direct evidence, the testimony of Bennie Melton, the fact that Mrs. Littlesun signed the petition for an emergency protective order, the finding of the knife, the condition of the residence, and the condition of Mrs. Littlesun. See id. In light of the stated reasons supporting the trial judge's ruling, the Court finds that any improper reliance on Petitioner's post-arrest silence was harmless error because it did not have a "substantial and injurious effect or influence" in determining the verdict. Brecht, 507 U.S. at 623 (quotation omitted). Petitioner is not entitled to habeas relief on ground 2 of the petition.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The petition for a writ of habeas corpus (Dkt. # 2) is **denied**.

2. A separate Judgment shall be entered in this case.

DATED THIS 12th day of February, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

11